(Hamilton County Common Pleas Court.)
June Term, 1897.

F. C. KELL, EXECUTRIX, V. FLORENCE C. MURDOCK ET AL.

---

A tenant in common owning for the present a one third interest in an office building, is not. in a suit for an accounting, entitled to a receiver, where the other two-thirds protest and there is no showing of fraud, entanglement of accounts or exclusion from a due share of the net profits.

---

JELKE, J.

I have in this case concluded to refuse to appoint a receiver.

This matter came on to be heard on plaintiff's motion for the appointment of a receiver to collect the rents and manage the property known as the Carlisle Building, southwest corner Fourth and Walnut streets.

On the hearing of the motion, the court allowed oral testimony to be introduced, and at the conclusion of plaintiff's testimony I announced that I did not care to hear any testimony on behalf of the defendants. At that time, on plaintiff's own uncontradicted showing, I found that this building was being reasonably well managed, I could see no fraud, no entanglement of accounts, no exclusion of plaintiff from her due participation in the net profits of said building as such net profits were yielded by and under the management of defendants through their agent, John Carlisle, and his book-keeper. W. I. Corey; I did find that the relations existing between plaintiff on the one hand, and John Carlisle and the Carlisle heirs on the other, were strained and promised to be strained for some time in the future; that plaintiff and defendants, could not or would not co-operate in the management of this property, and that on account of this constant friction between the parties, there then was, and promised to be, detriment to the property and all of their interests therein. Leases of store rooms and offices can not now be made unless these tenants in common come together and unite in making such leases.

Mrs. Kell, executrix of the estate of her father Wesley Cameron, owns an undivided one third for the present in this property; the other undivided two-thirds are owned by the defendants. Whatever may have been the conduct of the Carlisles toward Mrs. Kell heretofore, so far as this hearing is concerned and by the representations of counsel, the Carlisles seem more willing to meet and advise with Mrs. Kell than she with them; but perhaps this is easy, in as much as they are in possession, and they are managing the property according to the dictates of their judgment and that of John Carlisle.

In this situation, what right under the law has Mrs. Kell, a tenant in common, to the appointment of a receiver? This is the question we asked counsel. Inasmuch as this is not a suit in partition, and the suit in partition brought by this plaintiff over a year ago seems to have been abandoned, and from a superficial reading of the will of George Carlisle, I think I am justified in assuming for the purposes of this suit, that this estate can not be partitioned. This action, then, is a suit for an accounting, and as ancillary thereto and pending the suit and such accounting, the appointment of a receiver.

If made at all, such appointment would have to be made under R. S. 5587. I am of opinion that plaintiff's action for an account is pretty much of a fiction to lay a basis for the motion for a receiver. Even if I am mistaken I am of opinion that a receiver so appointed is not what she wants or what she needs. And further, if the suit for an accounting is seriously prosecuted, I do not find from the showing any probability of a result that would require a sequestration of the property to make such result available.

I should judge that the whole matter of the accounting could be disposed of in ten days, and with the disposition of the main suit the receivership would go too, and the property and the parties left to confront the same problems now before them.

Plaintiff's petition does not pretend to allege that the defendants, her co-tenants, are receiving the rents to her total exclusion from the same, and that defendants are applying the rents to their own use and are insolvent, and would be unable to respond for a deficiency on an accounting. Vid. Beach on Receivers, section 494, page 542; High on Receivers, sections 603-608, inclusive.

I have examined the case cited by plaintiff's counsel and appreciate the analogy he seeks to draw between this property, and mill, mining and colliery properties. This is in a sense trade property; its use and profits consists in operating, managing and renting it, just as one would conduct a business. Counsel has been unable to cite me to a single case where at the suit of a co-tenant, a receiver has been appointed over property of the kind involved in the case at bar.

In the mill, mining and colliery property cases, where disagreements have arisen, the courts have found that on account of such disagreements, the property itself was being destroyed and going to ruin. I have found that this property is being reasonably managed.

I do not find that the Carlisle Building is going to ruin. If the present state of things continues there will probably be some loss of rents and income, and if Mrs. Kell suffers thereby, and she can show it to be the result of the Carlisles' mismanagement, and of her exclusion, and she be without fault, she undoubtedly can recover a money judgment which I have every reason to believe at this time would be good. There is some analogy in the case at bar to partnerships. but receivers are appointed over partnerships only on their dissolution, in accounting and insolvency.

The trouble here is that these tenants in common, are bound together in an indissoluable partnership of estate, and the same rights do not exist, and hence not the same remedies.

I can see the advantage it would be to have this property managed by an agent who enjoyed the confidence of all the co-tenants, but I do not think a case has been presented which either on the facts or under the law would justify me in appointing a receiver over this property, in this suit, and against the protest of two-thirds of the existing estate.

C. B. Matthews for plaintiff; E. K. Stallo, C. W. Baker, Reuben Tyler and John C. Healy for the resisting heirs.